ORLETUS P. EATON v. HIRAM GAY AND ARTHUR VAN NORMAN.

*Sumptuary contract—Liability for " extras."*

Where a man orders a club supper and agrees on the bill of fare and the price for each guest, he has a right to expect that the printed bill of fare will be limited accordingly; and he is not liable for any extras that may be called for by, or supplied to, the guests, nor is he bound to give notice that he will not pay for them.

Error to Wayne. Submitted Oct. 8. Decided Oct. 20.

ASSUMPSIT. Defendant brings error. Reversed.

*C. M. Swift* and *E. F. Conely* for plaintiff in error.

*Moore & Moore* for defendants in error.

COOLEY, J. This is a dispute respecting the price of a bill for wine and cigars furnished at a supper which the defendants in error, Gay & Van Norman, had provided for a society known as the Ancient Order of Foresters. It seems that Eaton, the plaintiff in error, had ordered the supper, and it was agreed that the charge for it should be one dollar for each person partaking. The testimony of Maxwell, the business manager for Gay & Van Norman, tended to prove that wine and cigars were not to be furnished at the price named, but that Eaton told him after the agreement had been made, to furnish wine and whatever else was necessary, and that under this direction he did furnish wine and cigars as ordered by the guests, and that these were extra. Eaton, on the other hand, testified that it was expressly agreed between himself and Maxwell that wine was to be furnished as part of the bill of fare at the price agreed upon.

The circuit judge instructed the jury as follows : 1. That if they found that Eaton authorized the furnishing of the wine and cigars by the plaintiffs beyond the regular supper, or agreed to pay for them, then the plaintiffs are entitled to recover the value of the wine and cigars ; 2. If Eaton only agreed to pay for the supper one dollar a guest, and the plaintiffs supplied the wine and cigars on their own account, then the defendant is entitled to recover ; 3. If there was no contract whatever about the wines, and they were furnished and drunk at the supper, and Eaton knew they were being supplied to the guests at the supper which he had ordered, and made no objection to their being so supplied, then there arose an implied contract on his part to pay what the wines and cigars were reasonably worth, and plaintiffs would be entitled to recover to that extent,—the remainder of the bill having been paid.

We cannot assent to this third proposition. If Eaton

agreed with Gay & Van Norman upon the bill of fare and the price, he thereby limited what could be furnished on his account, and he had a right to expect that any printed bill which should be placed before the guests would be limited accordingly. No guest would then feel at liberty to call for anything not there appearing, and if he did, and it was furnished to him, it would be a matter between himself and the proprietors with which Eaton could have no right to concern himself. It would be an extraordinary rule of law that would compel Eaton, under such circumstances, when he saw the guests partaking of wine, to give formal notice to the proprietors that he should pay no debts of their contracting. He had made his contract in advance and stipulated what his liability should be; and the guests were not his agents for the purpose of increasing this liability. If they ordered what he had not bargained for, he not only had a right to assume that they did this on some understanding, express or implied, with the proprietors, but common courtesy required him to refrain from interfering. The supper as agreed upon was his affair; the furnishing of extras was *inter alios*, and the proprietors could no more call upon him to pay for them, on the basis of implied contract, than upon any stranger.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.